# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-61398-COOKE

STOK FOLK + KON, P.A.,

    Appellant,

vs.

FUSION HOMES, LLC,

    Appellee.

_____/

## ORDER REVERSING BANKRUPTCY COURT ORDER AND REMANDING

THIS MATTER is before me on Appellant Stok Folk + Kon, P.A.'s ("SFK") appeal of the bankruptcy court's Order Denying SFK's Motion to Quash Subpoena and for Protective Order ("Bankruptcy Order"). *See* Notice of Appeal, ECF No. 1. For the reasons stated below, I reverse the ruling of the bankruptcy court and remand for further proceedings consistent with this Order.

### I.    BACKGROUND[1]

This case arises out of a fee dispute between a law firm and its former client. SFK represented Appellee Fusion Homes, LLC ("Fusion") in a state court proceeding in which Fusion attempted to foreclose on two properties located in Hollywood, Florida, to which it owned the notes and mortgages. *See* SFK Br., ¶¶ 2–3, 5. While the foreclosure case was pending, the defendant in the state court proceeding, Daniel Alessi, filed a bankruptcy petition. *Id.* at ¶ 8. SFK participated in Mr. Alessi's bankruptcy proceeding on behalf of Fusion, contesting and filing motions. *Id.* at ¶¶ 8–9. Mr. Alessi subsequently filed an adversary proceeding against Fusion. *Id.* at ¶ 10. At some point after the adversary proceeding began, Fusion obtained new counsel. *Id.* at ¶¶ 9–10. As part of the adversary proceeding, Mr. Alessi issued Requests for Production to Fusion. *Id.* Believing SFK still possessed documents responsive to Mr. Alessi's discovery requests, Fusion's new counsel

---

[1] The following facts are undisputed.

sent the requests to SFK, along with a subpoena pursuant to Rule 45. *Id.* at ¶¶10–11. SFK objected to Fusion's subpoena on the ground that Fusion had not fully paid SFK for its representation, asserted a retaining lien, and moved to quash the subpoena and for a protective order. *Id.* The bankruptcy court held a hearing on SFK's Motion to Quash and denied the Motion. *Id.* at ¶ 11. At the hearing, no evidence was taken, but the bankruptcy court gave two reasons for its denial of the motion. *Id.* at ¶ 11; Hearing Tr., ECF No. 7, 30:1–31:12. First, the court found the existence of a common law or contractual retaining lien is not a specified defense to compliance with, nor a basis for quashing or modifying, a subpoena under Rule 45(d)(3). Hearing Tr., 30:1–6. Second, the court found sufficient allegations of SFK's misconduct in the adversary proceeding to create an exception to the retaining lien based on the court's own observations, including that "Mr. Stok has been as uncooperative and unhelpful as possible." *Id.* at 30:13–31:12. However, the court specifically declined to make a finding of misconduct. *Id.* at 30:14–15. In the subsequent written Bankruptcy Order, SFK was ordered to produce the responsive documents within seven days, while Fusion was not required to post an interim bond as security. Bankruptcy Order, ECF No. 1, 4–5.

SFK timely filed its Notice of Appeal of the Bankruptcy Order. *See* ECF No. 1. SFK also filed an Emergency Motion for Stay Pending Appeal in the adversary proceeding. SFK Br., ¶ 13. The bankruptcy court denied the Motion for Stay, so SFK filed an Emergency Motion to Stay Order Pending Appeal in district court. *See* Case No. 17-61379, ECF No. 1. I referred the Motion to U.S. Magistrate Judge Jonathan Goodman, who granted SFK's Motion to Stay. *Id.*, ECF No. 15.

## II. LEGAL STANDARDS

"A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo*, and its factual findings for clear error." *HDR Architecture, P.C. v. Maguire Grp. Holdings*, 523 B.R. 879, 885 (S.D. Fla. 2014) (citing *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.),* 567 F.3d 1291, 1296 (11th Cir. 2009)). *De novo* review is warranted here since the bankruptcy court based its decision on a legal basis and explicitly declined to make findings of fact.

## III. DISCUSSION

SFK contests both of the bankruptcy court's grounds for denying its Motion to

Quash. SFK argues that allowing a Rule 45 subpoena to override a retaining lien is improper and would essentially vitiate the common law right to a retaining lien. Fusion has conceded this point, so I will not address it. SFK's next argument is that the bankruptcy court could not create an exception to the retaining lien based on misconduct without taking any evidence, and doing so violated its due process rights. If a hearing is to be held on the issue, SFK requests that the reference be withdrawn so it can be heard in district court in the first instance.

### A. Standard for Retaining Liens

Florida law governs attorney retaining liens. *In re Beverly Mfg. Corp.*, 841 F.2d 365, 368 (11th Cir. 1988). "No statutes outline the requirements for valid attorney's liens in Florida. Rather, case law acts as the sole guide for both attorneys and courts as to these liens." *Daniel Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986) (citing *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383 (Fla. 1983); *St. Ana v. Wheeler Mattison Drugs, Inc.*, 129 So. 2d 184 (Fla. Dist. Ct. App. 1961)). "In Florida an attorney has a right to a retaining lien upon all of the client's property in the attorney's possession, including money collected for the client." *Id.* (citing *Dowda & Fields, P.A. v. Cobb*, 452 So. 2d 1140, 1142 (Fla. Dist. Ct. App. 1984)). The purpose of a retaining lien is to cover the balance due for all legal work performed on behalf of the client. *Id.* "An attorney's retaining lien . . . holds until the fee has been paid or until adequate security for payment has been posted." *Andrew Hall & Assocs. v. Ghanem*, 679 So. 2d 60, 61 (Fla. Dist. Ct. App. 1996). "The pressure exerted by a retaining lien is directly proportional to the client's need and desire for the things in the attorney's possession." *Id.* at 62. "Any requirement to produce the file would destroy the effectiveness of the lien." *Foreman v. Behr*, 866 So. 2d 705, 706 (Fla. Dist. Ct. App. 2003) *Id.* (citing *Wintter v. Fabber,* 618 So.2d 375 (Fla. 4th DCA 1993)).

"When a [] court is asked to order disclosure of an attorney's file that is subject to a valid retaining lien, it should not order the attorney to turn over the file until it has provided for the client's payment of delinquent fees or arranged for the client to post adequate security for the outstanding balance due." *Id.* "Only under rare circumstances will the files be released without payment or the furnishing of adequate security: where there is a clear

3

necessity in a criminal case and a defendant cannot post security or where the lawyer's misconduct caused his withdrawal." *Andrew Hall & Assocs.*, 679 So. 2d at 62.

### B. Exception to Retaining Lien

It is undisputed that SFK has a valid retaining lien. Where SFK's and Fusion's views differ is on the manner in which an exception to the retaining should be determined. Fusion contends the bankruptcy court had enough information before it to make a finding of misconduct and to compel SFK to produce the requested documents without Fusion posting any security. In support, Fusion goes through the information relayed at the June 28, 2017 hearing. SFK contends that the information in the record was merely the argument of counsel and does not constitute evidence. Either way, the bankruptcy court specifically stated it was "not making any determination that there has been misconduct." Hearing Tr., 30:14–15. Absent such a determination, an order compelling SFK to hand over its files without adequate security was a departure from the requirements of the law. *See Conde & Cohen, P.L. v. Grandview Palace Condo. Ass'n, Inc.*, 201 So. 3d 64, 65 (Fla. Dist. Ct. App. 2015). This matter will be remanded for a factual determination as to whether any misconduct occurred to allow for an exception to the retaining lien.

However, upon remand, the issue remains of whether an evidentiary hearing is necessary. In SFK's initial brief, it argues the bankruptcy court erred by overriding SFK's retaining lien without holding an evidentiary hearing, a violation of SFK's right to due process.[2] Fusion does not address whether SFK should have been allowed to present evidence in response to Fusion's accusations and the bankruptcy court's impressions of misconduct; it merely argues that the information in the record was sufficient to support a finding of misconduct. While SFK has cited no case law that it is entitled to an evidentiary hearing, an evidentiary hearing is generally only required where there is a disputed issue of material fact. *See, e.g., All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989) ("Where the injunction turns on the resolution of bitterly disputed

---

[2] Curiously, in SFK's Reply Brief, SFK does an about-face and argues that no evidentiary hearing should take place because it would allow Fusion "a second bite." Reply Br., ECF No. 12, 2. This is a qualitatively different argument than its first one, but I find that both parties' procedural due process rights, such as they are, are best protected by allowing each side to present its evidence.

4

facts, . . . an evidentiary hearing is normally required to decide creditability issues."); *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972)[3] (finding, in the criminal context, that if the allegations are sufficient to establish a claim "and factual issues are raised, a hearing is required."); *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 882 (11th Cir. 2000) (concluding that for issues of standing, an evidentiary hearing is required where there are facts in dispute and credibility issues to be determined). Presumably there are hotly contested factual issues related to whether SFK engaged in attorney misconduct, meaning an evidentiary hearing is most likely prudent.

### C. Withdrawal of Bankruptcy Reference

SFK argues that if I determine this matter should have an evidentiary hearing, then I should withdraw the reference under both permissive and mandatory guidelines. I disagree. Neither standard permits or counsels withdrawal of the retaining lien claim. A district court

> may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157. "This statute allows two types of withdrawal: (1) mandatory and (2) permissive. Mandatory withdrawal is required if the proceeding requires consideration of both title 11 *and* nonbankruptcy code federal law." *In re Am. Body Armor & Equip., Inc.*, 155 B.R. 588, 590 (M.D. Fla. 1993). The issue at hand, whether Fusion has shown an exception to a state law retaining lien, does not present issues of either federal or bankruptcy law. Mandatory withdrawal is therefore not appropriate.

"The decision of whether to grant a motion for permissive withdrawal is within the sound discretion of the district court." *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga. 1998). "Permissive withdrawal requires the demonstration of cause." *In re Numed Healthcare, Inc.*, 2001 WL 1572376, at *1 (M.D. Fla. Oct. 12, 2001). "Cause" is not an empty requirement. *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). As

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

noted in *In re Simmons*, a district court determining whether cause exists can consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000) (citing *Parklane,* 927 F.2d at 536 n. 5) (citations omitted)). I find that none of those goals are advanced by withdrawing a straightforward issue of purely state law when the bankruptcy judge, who has handled the case since its inception, is already familiar with the case.[4] "A summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida." *Daniel Mones, P.A.*, 486 So. 2d at 561.

## IV.   CONCLUSION

For the foregoing reasons, the Order Denying SFK's Motion to Quash Subpoena and for Protective Order is **REVERSED**, and this matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order. All pending motions, if any, are **DENIED** *as moot*. The Clerk is directed to **TRANSMIT** notice of this Order to the bankruptcy court in accordance with all relevant rules and procedures and is further directed to **CLOSE** this case.

**DONE and ORDERED** in Chambers at Miami, Florida, this 16th day of March 2018.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
Counsel of record

---

[4] I note that SFK has stated its belief that Judge Olson has a personal prejudice against SFK's counsel "of such a degree that it adversely affect[ed Fusion Homes]." SFK's Br., ¶ 9. However, SFK does not argue that this is a reason to withdraw the reference, and Fusion disputes that Judge Olson maintained any prejudice towards counsel. I agree that nothing in the record shows any bias sufficient to withdraw the reference.